# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| SYNKLOUD TECHNOLOGIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> HP INC., <br><br> Defendant. | C.A. No: 1:19-cv-1360-RGA |

## PLAINTIFF SYNKLOUD TECHNOLOGIES, LLC'S OPENING BRIEF IN SUPPORT OF MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL

Dated: October 23, 2020

OF COUNSEL:

Deepali Brahmbhatt
One LLP
4000 MacArthur Blvd.
East Tower, Suite 500
Newport Beach, CA 92660
Telephone: (949) 502-2870
Facsimile:  (949) 258-5081
dbrahmbhatt@onellp.com

John Lord
One LLP
9301 Wilshire Blvd.
Penthouse Suite
Beverly Hills, CA 90210
Telephone: (310) 866-5157
Facsimile:  (310) 943-2085
jlord@onellp.com

KLEHR HARRISON
HARVEY BRANZBURG LLP

David S. Eagle (#3387)
Sean M. Brennecke (#4686)
919 Market Street, Suite 1000
Wilmington, Delaware 19801
Telephone: (302) 552-5518
Facsimile: (302) 426-9193
deagle@klehr.com
sbrennecke@klehr.com

*Attorneys for Plaintiff,*
*SynKloud Technologies, LLC*

**TABLE OF CONTENTS**

I.      NATURE AND STAGE OF THE PROCEEDINGS ........ **ERROR! BOOKMARK NOT DEFINED.**

II.     SUMMARY OF ARGUMENT ..................... **ERROR! BOOKMARK NOT DEFINED.**

III.    STATEMENT OF FACTS ........................... **ERROR! BOOKMARK NOT DEFINED.**

IV.     LEGAL STANDARD................................... **ERROR! BOOKMARK NOT DEFINED.**

V.      THIS COURT SHOULD CERTIFY FOR INTERLOCUTORY APPEAL AND STAY
        THE PROCEEDINGS .................................. **ERROR! BOOKMARK NOT DEFINED.**

        A.     The Order Involves a Controlling Question of Law ............................................... 5

        B.     There is Substantial Ground for Difference of Opinion ........................................ 6

        C.     Reversal by the Federal Circuit Would Advance the Termination of This
               Litigation and Also Related Litigations................................................................ 7

VI.     STAY IS APPROPRIATE PENDING APPEAL .............. **ERROR! BOOKMARK NOT
        DEFINED.**

VII.    CONCLUSION............................................ **ERROR! BOOKMARK NOT DEFINED.**

PHIL1 9179435v.1

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alice Corp. Pty. v. CLS Bank International*,
134 S. Ct. 2347 (2014)............................................................................................1, 5, 6

*Chase Manhattan Bank v. Iridium Africa Corp.*,
324 F. Supp. 2d 540 (D. Del. 2004).............................................................................4, 5

*Feit Electric Company v. Beacon Point Capital, LLC*,
1:13-cv-09339 (N.D. Ill. Dec. 20, 2019)........................................................................4

*Fujitsu Ltd. v. Tellabs, Inc.*,
539 F. App'x 1005 (Fed. Cir. 2013) ...............................................................................5

*In re MSTG, Inc.*,
675 F.3d 1337 (Fed. Cir. 2012).......................................................................................7

*OIP Techs., Inc. v. Amazon.com, Inc.*,
788 F.3d 1359 (Fed. Cir. 2015).......................................................................................5

*SynKloud Techs., LLC v. Adobe Inc.*,
No. 6:19-cv-00527-ADA (W.D. Tex., Waco Division) ..............................................2, 4

*SynKloud Techs., LLC v. Dropbox, Inc.*,
No. 6:19-cv-00526-ADA (W.D. Tex., Waco Division) ..............................................1, 4

*Youtoo Techs. LLC v. Twitter Inc*,
No. 3:16-cv-00764-N, 2016 WL 7118922 (N.D. Tex. Nov. 10, 2016) ..........................4

**Statutes**

28 U.S.C. § 1292(b) ...................................................................................................... *passim*

35 U.S.C. § 101.............................................................................................................1, 2, 5, 6

**Other Authorities**

Fed. R. App. P. 5(a)(3)..........................................................................................................1

Fed. R. Civ. P. 12(b)(6).........................................................................................................2

PHIL1 9179435v.1

Plaintiff SynKloud Technologies, LLC ("SynKloud" or "Plaintiff") respectfully requests that the Court certify for interlocutory appeal the Court's partial dismissal (D.I. 32 ("Order") and supporting Memorandum D.I. 31) pursuant to 28 U.S.C. § 1292(b) and Fed. R. App. P. 5(a)(3) and stay the proceedings pending appeal.  The Court partially dismissed partial claims of two the patents-in-suit, US Patent Nos. 9,098,526 ("the '526 Patent") and 10,015,254 ("the '254 Patent") and all the claims of a third patent, US Patent No. 8,694,590 ("the '590 Patent") allowing one patent. US Patent No. 7,879,225 ("the '225 Patent") out of the four patents-in-suit to survive as eligible subject matter.  (D.I. 31-32).  The related Microsoft action also has the same two of the dismissed patents-in-suit.  (Civ. No. 1:20-cv-00007-RGA.)

Certification is warranted here because Plaintiff presents a purely legal question, namely, whether the claims of three of the four patents-in-suit claim patent-eligible subject matter under 35 U.S.C. § 101 as interpreted by the Supreme Court's decision in *Alice Corp. Pty. v. CLS Bank International*, 134 S. Ct. 2347 (2014), and the Federal Circuit's subsequent interpretations of that decision.  Allowing this difficult issue to be resolved now, prior to the start of discovery in this matter, may save the parties and the Court needless expenditure of time, effort, and money, making this an appropriate situation in which to certify an interlocutory appeal.

Allowing Plaintiff to appeal this decision earlier promotes efficiency not only in this action but also three related actions.  The appeal will streamline issues in this action.  This Court's Order invalidating three of the four patents-in-suit under 35 U.S.C. § 101 has broader ramifications that have cast an uncertainty over other related actions.  The partially dismissed '526 and the '254 Patents are also at issue in the Microsoft action.  (Civ. No. 1:20-cv-00007-RGA).  Plaintiff has asserted server-side claims of the '254 Patent and 5 other related patents from the same family against Dropbox and Adobe.  *See SynKloud Techs., LLC v. Dropbox, Inc.*, No. 6:19-cv-00526-

-1-

ADA and *SynKloud Techs., LLC v. Adobe Inc.*, No. 6:19-cv-00527-ADA (W.D. Tex., Waco Division).  Earlier resolution through appeal will help streamline all of the related actions.

## I.      NATURE AND STAGE OF THE PROCEEDINGS

On July 22, 2019, SynKloud filed a Complaint against HP, Inc. alleging infringement of "at least claim 1" of the '526 and '254 Patents while reserving its right to assert additional claims. (D.I. 1.)  In response, HP filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) claiming that the patents-in-suit are patent-ineligible under §101.  SynKloud filed an Amended Complaint on November 12, 2019, which includes the original '526 and '254 allegations, and further asserting claim 1 of the '225 Patent and claim 1 of the '590 Patent.  (D.I. 15.)  HP responded with motion to dismiss all of the patents-in-suit under ineligible subject-matter 35 U.S.C. 101.  SynKloud opposed the motion highlighting significant claim construction disputes that need to be resolved.  On September 29, 2020, the Court dismissed three out of the four patents-in-suit.  (D.I. 31-32).  Specifically, the Court held that Claims 1 to 74 of the '590 patent, Claims 1 to 10 of the '526 patent, and Claims 1 to 8 of the '254 patent are invalid for claiming patent-ineligible subject matter.  The Claims of the '225 Patent remain valid and are not dismissed.  The server-side claims of the '254 Patent were not addressed in the Order.

On October 7, 2020, within ten days of the order, Plaintiff notified HP of its request to file interlocutory appeal and whether HP would oppose such a motion.  On October 8, 2020, HP responded that it would oppose such a motion as piecemeal litigation.  The Court Order in the HP-action dismissed only partial claims related to one set of the client-side claims, the surviving claims continue to be at issue in the related Microsoft action including the server-side claims.  (Civ. No. 20-00007-RGA).

For the purposes of streamlining issues at trial, on October 13, 2020, Plaintiff proposed staying both the related actions HP and Microsoft with its request to certify and a meet and confer call. On October 15, 2020, Plaintiff followed up on the meet and confer request. HP and Microsoft's counsel responded with request for additional time to discuss with clients and they were not able to meet and confer before October 23, 2020. A meet and confer teleconference was held on October 23, and Plaintiff subsequently filed this motion. The Court has not held its initial Rule 16(b) scheduling conference yet. Discovery has not begun.

## II.   SUMMARY OF ARGUMENT

The Court's certification of the request for interlocutory appeal will save the federal courts and the parties time and expense because a final resolution of this issue through appeal will help streamline issues for trial in all the four related actions.

## III.   STATEMENT OF FACTS

SynKloud is an intellectual property licensing limited liability company organized under the laws of the State of Delaware with its principal place of business at 124 Broadkill Road, Suite 415, Milton, DE 19968. SynKloud acquired two of the Patents-in-Suit (*i.e.*, the '526 and the '254 Patents) in December of 2018 directly from STTWebOS, founded by Ted Tsao, who is the sole inventor of the technology at issue. The claims of the '590 Patent originate from another company, Presto Services, Inc. The claims of the '225 Patent originate from a fourth company, Ximeta and cover different aspects of preserving data integrity for a network-based storage resource using efficient operating system implementations. Both the STTWebOS and Ximeta patents are asserted against the same accused products.

SynKloud filed this this current action on July 22, 2019. (D.I. 1). SynKloud filed an amended complaint on November 12, 2019. The Court dismissed three out of the four patents for

lack of eligible subject matter. (D.I. 32.)  Microsoft filed a declaratory judgment action against

SynKloud on January 2, 2020.  (Civ. No. 20-00007-RGA.)  The '526 and '254 Patents partially

dismissed in this action are also at issue in the Microsoft action.

SynKloud also has ongoing litigations on the server-side claims against Adobe and

Dropbox.  *SynKloud Techs., LLC v. Dropbox, Inc.*, No. 6:19-cv-00526-ADA (W.D. Tex., Waco

Division) and *SynKloud Techs., LLC v. Adobe Inc.*, No. 6:19-cv-00527-ADA (W.D. Tex., Waco

Division) (both actions asserting the '254 Patent server-side claims and 5 other related patents

from the same family).  While the infringement issues are different, any invalidity of server-side

claims would apply to all the related actions.

## IV.    LEGAL STANDARD

Plaintiff seeks interlocutory appeal.  Section 1292(b) provides that a district court may

certify an order for interlocutory appeal when it finds "[1] that such order involves a controlling

question of law [2] as to which there is substantial ground for difference of opinion and [3] that an

immediate appeal from the order may materially advance the ultimate termination of the

litigation." 28 U.S.C. § 1292(b); *see Chase Manhattan Bank v. Iridium Africa Corp.*, 324 F. Supp.

2d 540, 545 (D. Del. 2004).

Courts have *sua sponte* certified early dismissal of patents on 101 grounds, especially

dismissal of some and not all patents asserted, for interlocutory appeal.  *See Youtoo Techs. LLC v.

Twitter Inc,* No. 3:16-CV-00764-N, 2016 WL 7118922, at \*2 (N.D. Tex. Nov. 10, 2016); *see also

Feit Electric Company v. Beacon Point Capital, LLC*, 1:13-CV-09339, at \*5 (N. D. Ill. Dec. 20,

2019) (certifying interlocutory appeal when the issue relates to whether a patent is enforceable at

all).

-4-

This request to certify for interlocutory appeal is timely as it is filed simultaneously to motion seeking a Court Order in the related action for Microsoft.  Plaintiff acted within 10 days of the Court's Order and notified Counsel regarding its intent to seek interlocutory appeal.  Within reasonable time after, Plaintiff requested meet and confer with HP and Microsoft's counsel to consolidate issues in this action and the related Microsoft action based on the Court Order in this action and avoid unneeded motion practice and avoid piecemeal litigation.  The Federal Circuit has jurisdiction to hear related appeal filed within 10 days of this Court's certification for interlocutory appeal.  28 U.S.C. § 1292(b).

## V.     THIS COURT SHOULD CERTIFY FOR INTERLOCUTORY APPEAL AND STAY THE PROCEEDINGS

Section 1292(b) provides that a district court may certify an order for interlocutory appeal when it finds "[1] that such order involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see Chase Manhattan Bank v. Iridium Africa Corp.*, 324 F. Supp. 2d 540, 545 (D. Del. 2004).

### A.     The Order Involves a Controlling Question of Law

The first requirement for certification is that the Court's Order to be appealed involve a controlling question of law. 28 U.S.C. § 1292(b). "In general, a question of law is 'controlling' within the meaning of Section 1292(b) only if [the] resolution of that issue could have an immediate impact on the course of the litigation." *Fujitsu Ltd. v. Tellabs, Inc.,* 539 F. App'x 1005, 1007 (Fed. Cir. 2013).  The Court's Order here involves a controlling question of law regarding whether three out of the four patents-in-suit patents cover patentable inventions as opposed to unpatenable abstract ideas under *Alice* and its progeny. *Alice*, 134 S. Ct. at 2355. The validity of a patent claim under 35 U.S.C. § 101 is a question of law, *OIP Techs., Inc. v. Amazon.com, Inc.*, 788

-5-

F.3d 1359, 1362 (Fed. Cir. 2015), and the resolution of that question would dictate whether this litigation proceeds or ceases altogether.

The Court held that the dismissed patents claim an abstract idea and do not add any inventive concept.  For the '590 Patent, the Court found as a matter of law that the claims cover abstract ide of manipulating or reorganizing data adding no inventive concept.  (D.I. 31 at 24.)  For the '526 and the '254 Patents, the Court held as a matter of law that claim the abstract idea of storing and retrieving data from a remote location, implemented on conventional, well-known hardware, adding no inventive concept.  (D.I. 31 at 22.)  Accordingly, the Court's Order involves a controlling question of law and satisfies the first requirement for certification under 28 U.S.C. § 1292(b).

Here, the question is controlling because a reversal will save time and expense for this Court as well as Courts in the related actions.  Every aspect of this action going forward, from discovery to damages, turns on this controlling question of law.  The parties will dispute and this Court will be forced to determine the proper scope of any products that can now be the subject of a potential infringement claim and corresponding damages calculations that would apply only to the surviving claims.

B.      There is Substantial Ground for Difference of Opinion

The Court's opinion applied the two-step test set out by the Supreme Court in Alice for determining whether a claim is patent-eligible under § 101.  Specifically, the Court concluded that both the '526 and '254 patents merely claimed storage and retrieval and did not use cache and cache storage in non-intuitive method to download and access file on to a remote server.  (D.I. 31 at 14-15.)  The Court also concluded that the '590 Patent applies to abstract idea of formatting emails using templates for delivery to a printer, with no inventive concept.  (D.I. 31 at 31.)  The

-6-

Court's conclusion contradicts the USPTO decision and the file history that allowed issuance over prior art for both the Patents post-*Alice*.

The Court dismisses explicit claim language operation among three devices, "a wireless device", "a storage server" and "a remote server" listing the three devices stating that Plaintiff's argument is not supported by the claims. (D.I. 31 at 12.) The Court's opinion acknowledges, with a better explanation, the Court would come to a substantial ground for difference of opinion on the issue of what constitutes patent-eligible subject matter. (*Id.*) The Court's conclusion at this early motion to dismiss stage further demonstrates that there is substantial ground for difference of opinion. Accordingly, because there is substantial ground for a difference of opinion regarding the question of law addressed in the order at issue, the second requirement for certification under 28 U.S.C. § 1292(b) is satisfied.

### C.    Reversal by the Federal Circuit Would Advance the Termination of This Litigation and Also Related Litigations

Appeal at this juncture is both proper and pragmatic because the identical issue permeates the four related actions. Interlocutory review of the Court's Order could prevent months, or years, of burdensome discovery and litigation. Without interlocutory review, the parties—which have not yet begun discovery—would be required to litigate a full case from start to finish (i.e., conduct discovery, brief claim construction and summary judgment, and potentially try the case to a jury) before having the opportunity to raise with the Federal Circuit whether the asserted patents are valid on their face.

Conclusively resolving the issue of whether the patents at issue cover patentable subject matter prior to litigating other forms of invalidity and infringement could conserve the parties' and the Court's resources, and at the very least will provide an element of certainty should the case progress. Accordingly, interlocutory appeal of the Order at issue could materially advance

the termination of this litigation, satisfying the third requirement for certification under 28

U.S.C. § 1292(b).

## VI.   STAY IS APPROPRIATE PENDING APPEAL

The Federal Circuit has upheld a district court order staying proceedings when petition is

under appellate review.  *See In re MSTG, Inc.*, 675 F.3d 1337, 1341 (Fed. Cir. 2012).  A stay here

will help streamline discovery and avoid litigation on duplicate issues related to the same accused

products.  The same accused products are at issue for both the dismissed and the surviving patents

and claims.

## VII.   CONCLUSION

For the foregoing reasons, SynKloud respectfully requests that the Court grant certification

of the order for interlocutory appeal under 28 U.S.C. § 1292(b) and stays all proceedings in the

action pending appellate review.

Dated: October 23, 2020

OF COUNSEL:

Deepali Brahmbhatt (*Pro Hac Vice*)
dbrahmbhatt@onellp.com
ONE LLP
4000 MacArthur Blvd.
East Tower, Suite 500
Newport Beach, CA 92660
Telephone: (949) 502-2870

John Lord (*Pro Hac Vice*)
jlord@onellp.com
ONE LLP
9301 Wilshire Blvd.
Penthouse Suite
Beverly Hills, CA 90210
Telephone: (310) 866-5157

KLEHR HARRISON
HARVEY BRANZBURG LLP

/s/ Sean M. Brennecke
David S. Eagle (#3387)
Sean M. Brennecke (#4686)
919 Market Street, Suite 1000
Wilmington, Delaware 19801
Telephone: (302) 552-5518
Facsimile: (302) 426-9193
deagle@klehr.com
sbrennecke@klehr.com

*Attorneys for Plaintiff,*
*SynKloud Technologies, LLC*

-8-