IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICROSOFT CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 20-00007-RGA |
| | ) | |
| SYNKLOUD TECHNOLOGIES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | | |
| SYNKLOUD TECHNOLOGIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 19-1360-RGA |
| | ) | |
| HP Inc. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### SCHEDULING ORDER

This 13 day of **November**, 2020, the Court having waived an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. **Consolidation**. The above-captioned actions are hereby consolidated for all pretrial purposes, including discovery and claim construction. For purposes of this Order only, with respect to the Microsoft action, the "Plaintiff" herein refers to SynKloud Technologies, LLC, and

the "Defendant" herein refers to Microsoft Corporation.

2. **Rule 26(a)(1) Initial Disclosures**. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) by **December 16, 2020**.

3. **Joinder of Other Parties and Amendment of Pleadings**. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before **March 19, 2021**.

4. **Discovery**.

   a. **Discovery Cut Off**. All fact discovery in this case shall be initiated so that it will be completed on or before **December 10, 2021**.

   b. **Document Production**. Document production by the parties shall be substantially complete by **May 3, 2021**.

   c. **Requests for Admission**.

      i. Plaintiff may serve on Defendants up to 20 common requests for admission, plus Plaintiff may serve up to 10 individual requests for admission on each of Microsoft and HP.

      ii. Defendants may collectively serve Plaintiff with up to 20 common requests for admission, plus each of Microsoft and HP may serve up to 10 individual requests for admission on Plaintiff.

      iii. Notwithstanding the foregoing, there is no limitation on the number of requests for admission that a document and/or a business record is authentic.

  d. **Interrogatories**.

    i. Plaintiff may serve on Defendants a maximum of 15 common interrogatories, including contention interrogatories, plus Plaintiff may serve up to 10 individual interrogatories on each of Microsoft and HP.

    ii. Defendants may collectively serve Plaintiff with a maximum of 15 common interrogatories, including contention interrogatories, plus each of Microsoft and HP may serve up to 10 individual interrogatories on Plaintiff.

  e. **Depositions**.

    i. **Limitation on Hours for Deposition Discovery**. Plaintiff may take a maximum of 40 hours of fact depositions, with a maximum of 70 hours total for both Defendants, of fact depositions upon oral examination of each Defendant.  Plaintiff's limit of 70 hours total of fact depositions of Defendants includes any time spent deposing former employees of Defendants.  Each Defendant may take a maximum of 40 hours, with a maximum of 70 hours total for both Defendants, of fact depositions upon oral examination of Plaintiff.  Defendants' limit of 40 hours, with a maximum of 70 hours total for both Defendants, of fact depositions of Plaintiff includes any time spent deposing former employees of Plaintiff, to the extent that they are not also named inventors for the patents-in-suit.  This limitation on deposition hours may be adjusted by written agreement of all of the parties or by Court order for good cause shown.

    ii. **Limitations On the Length of a Single Deposition**. Depositions of witnesses in English without the use of a translator shall not extend beyond one full day consisting of seven (7) hours of deposition tape time unless there is agreement between the parties or an Order

of the Court. No witness shall be deposed more than once absent agreement between the parties or an Order of the Court. For witnesses designated on multiple topics pursuant to Rule 30(b)(6), Fed. R. Civ. P. that cannot reasonably be completed within 7 hours, the parties shall work together to determine a reasonable limit on the number of hours of deposition beyond 7 hours for those witnesses.

      iii. **Location of Depositions**. The Parties will work together to agree on locations of depositions. If no agreement can be reached, the deposition shall take place where the witness resides.

   f. **Discovery Matters and Disputes Relating to Protective Orders**. Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Case Manager to schedule an in-person conference/argument. Unless otherwise ordered, by no later than eight business days prior to the conference/argument, any party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. By no later than five business days prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's opposition. A party should include with its letter a proposed order with a detailed issue-by-issue ruling such that, should the Court agree with the party on a particular issue, the Court could sign the proposed order as to that issue, and the opposing party would be able to understand what it needs to do, and by when, to comply with the Court's order. Any proposed order shall be e-mailed, in Word format, simultaneously with filing to rga_civil@ded.uscourts.gov.

If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

 g. **Miscellaneous Discovery Matters**.

  i. **Identification of Accused Products and Asserted Patents**. By **November 23, 2020**, Plaintiff shall identify the accused product(s), including accused methods and systems, and its damages model, as well as the asserted patent(s) that the accused product(s) allegedly infringe(s). Plaintiff shall also produce the file history for each asserted patent. Plaintiff may amend its identification of Accused Products up until two months before the close of fact discovery. Defendants reserves the right to challenge any unduly delayed amendment to the identification of Accused Products.

  ii. **Core Technical Documents**. By **December 16, 2020**, Defendants shall produce core technical documents related to the accused product(s), sufficient to show how the accused product(s) work(s), including but not limited to non-publicly available operation manual, product literature, schematics and specifications.

  iii. **Initial Infringement Contentions**. By **January 29, 2021**, Plaintiff shall produce its initial infringement contentions for each asserted claim, relating each known accused product to the asserted claims each such product allegedly infringes.

  iv. **Initial Invalidity Contentions**. By **February 26, 2020**, Defendants shall produce their initial invalidity contentions for each asserted claim, as well as the known related invalidating references.

  v. **Final Infringement Contentions**. Within forty-five (45) days of the Court's issuance of its Claim Construction order and by no later than **October 25, 2021**, Plaintiff

shall provide final infringement contentions.

    vi.  **Final Invalidity Contentions**. Within ninety (90) days of the Court's issuance of its Claim Construction order and by no later than **November 19, 2021**, Defendants shall provide final invalidity contentions.

    vii.  **Other Litigations and Proceedings**. Other than the above-captioned cases, the asserted patents and patents related to the asserted patents are involved in the followed pending or completed litigations, including *inter partes* reviews ("IPRs"):

### District Courts

- *SynKloud Technologies, LLC v. BLU Products, Inc.*, 19-cv-00553 (Mar. 22, 2019, D. Del.) (voluntarily dismissed without prejudice);

- *Synkloud Technologies, LLC v. Dropbox, Inc.* 19-cv-00525 (Sept. 6, 2019, W.D. Tex.) (pending);

- *Synkloud Technologies, LLC v. Dropbox, Inc.* 19-cv-00526 (Sept. 6, 2019, W.D. Tex.) (pending);

- *Synkloud Technologies, LLC v. Adobe Inc.*, 19-cv-00527 (Sept. 6, 2019, W.D. Tex.) (pending);

### Patent Trial and Appeal Board

- *Unified Patents, LLC v. SynKloud Technologies, LLC*, IPR2019-01655 (Sept. 30, 2019) (*inter partes* revew instituted for U.S. Patent No. 9,098,526).

- *Microsoft Corporation and HP Inc. v. SynKloud Technologies, LLC*, IPR2020-00316 (Dec. 20, 2019) (*inter partes* revew instituted for U.S. Patent No. 9,098,526);

- *Microsoft Corporation and HP Inc. v. SynKloud Technologies, LLC*, IPR2020-01031 (Jun. 4, 2020) (petition for *inter partes* review of U.S. Patent No. 10,015,254 pending);

- *Microsoft Corporation and HP Inc. v. SynKloud Technologies, LLC*, IPR2020-01032 (Jun. 4, 2020) (petition for *inter partes* review of U.S. Patent No. 10,015,254 pending);

- *Adobe Inc. v. SynKloud Technologies, LLC*, IPR2020-01235 (Jul. 3, 2020) (petition for *inter partes* review of U.S. Patent No. 10,015,254 pending);

- *Adobe Inc. v. SynKloud Technologies, LLC*, IPR2020-01301 (Jul. 3, 2020) (petition for *inter partes* review of U.S. Patent No. 9,219,780 pending);

- *Microsoft Corporation and HP Inc. v. SynKloud Technologies, LLC*, IPR2020-01271 (Jul. 16, 2020) (petition for *inter partes* review of U.S. Patent No. 9,239,686 pending);

- *Microsoft Corporation and HP Inc. v. SynKloud Technologies, LLC*, IPR2020-01269 (Jul. 20, 2020) (petition for *inter partes* review of U.S. Patent No. 9,219,780 pending);

- *Microsoft Corporation and HP Inc. v. SynKloud Technologies, LLC*, IPR2020-01270 (Jul. 20, 2020) (petition for *inter partes* review of U.S. Patent No. 9,219,780 pending);

- *Adobe Inc. v. SynKloud Technologies, LLC*, IPR2020-1392 (Jul. 31, 2020) (petition for *inter partes* review of U.S. Patent No. 9,239,686 pending);

- *Adobe Inc. v. SynKloud Technologies, LLC*, IPR2020-1393 (Jul. 31, 2020) (petition for *inter partes* review of U.S. Patent No. 9,239,686 pending);

- *Microsoft Corporation and HP Inc. v. SynKloud Technologies, LLC*, IPR2020-00174 (Nov. 11, 2020) (petition for *inter partes* review of U.S. Patent No. 7,870,225 pending);

- *Microsoft Corporation and HP Inc. v. SynKloud Technologies, LLC*, IPR2020-00175 (Nov. 11, 2020) (petition for *inter partes* review of U.S. Patent No. 7,870,225 pending).

As of November 16, 2020, SynKloud does not expect to institute any further litigation in this or other Districts within the next year. As of November 16, 2020, Defendants do not expect to file any additional petitions for *inter partes* review.

viii. **Narrowing of the Asserted Claims and Prior Art References**. Within twenty-one (21) days of the Court's Claim Construction order, or if no claim construction is requested, by **April 1, 2021**, Plaintiff shall serve an election of asserted claims, not to exceed seven (7) claims per patent and twenty-one (21) claims in total. Within forty-two (42) days of the Court's Claim Construction order, or if no claim construction is requested, by **April 20, 2021**, Defendants shall serve an election of ten (10) prior art references (not combinations) per patent.

       ix.    **<u>Application to Court for Protective Order</u>**. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten (10) days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 4(f) above.

    Any proposed protective order must include the following paragraph:

> <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

       x.    **<u>ESI</u>**. The parties agree to submit proposed modifications to the Court's Default Standard for Discovery within ten (10) days from the date of this Order.

       xi.    **<u>Inventors of the Patents-in-Suit</u>**. Within ninety (90) days of the Initial Scheduling Conference, Plaintiff will produce to Defendants a copy of each patent assignment agreement executed by any named inventor with respect to an asserted patent. By this date, Plaintiff shall also inform Defendants whether Plaintiff's counsel represents or will represent any named inventor or, alternatively, provide the name of counsel representing any named inventor (if known).

       xii.    **<u>Production of Licenses and Settlement Agreements</u>**. SynKloud represents that it has complied with the Court's Rule 16(b) Order to provide all licenses and/or settlement agreements relating to the patents-in-suit to Defendants.

    5.    **<u>Papers Filed Under Seal</u>**. When filing papers under seal, counsel shall deliver to

the Clerk the required number of copies as directed in Paragraph 6. A redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

      6.    **Courtesy Copies**. The parties shall provide to the Court two (2) courtesy copies of all briefs and one (1) courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

      7.    **Claim Construction Issue Identification**. On or before **April 21, 2021**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction; on or before **May 5, 2021**, the parties shall exchange their proposed claim construction(s) of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than **May 12, 2021**. The Joint Claim Construction Chart, in Word format shall be e-mailed simultaneously with filing to rga_civil@ded.uscourts.gov. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction(s) of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed construction(s). A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

      8.    **Claim Construction Briefing**.[1] Plaintiff shall serve, but not file, its opening brief,

---

[1] As each brief is written and provided to the opposing party, the individual responsible for verifying the word count will represent to the other party that it has so verified and by what means. These verifications should not be provided to the Court unless a dispute arises about them. Pictures, Figures copied from the patent, and other illustrations do not count against the word limit. Plaintiff should include with its opening brief one or more representative claims with the disputed terms

not to exceed 5,000 words, on **May 26, 2021**. Defendants shall serve, but not file, their answering brief, not to exceed 7,500 words, on **June 25, 2021**. Plaintiff shall serve, but not file, its reply brief, not to exceed 5,000 words, on **July 9, 2021** Defendants shall serve, but not file their sur-reply brief, not to exceed 2,500 words, on **July 23, 2021**. No later than **July 30, 2021**, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below. Any claim construction tutorials will be submitted to the Court by no later than **August 6, 2020**.

## JOINT CLAIM CONSTRUCTION BRIEF

I.  Representative Claims

II. Agreed-upon Constructions

III. Disputed Constructions

A.  [TERM 1][2]

   1. Plaintiff's Opening Position
   2. Defendant's Answering Position
   3. Plaintiff's Reply Position
   4. Defendant's Sur-Reply Position

B.  [TERM 2]

   1. Plaintiff's Opening Position
   2. Defendant's Answering Position
   3. Plaintiff's Reply Position
   4. Defendant's Sur-Reply Position

---

italicized. Should Defendants want to add additional representative claims, Defendants may do so. The representative claims and the agreed-upon claim constructions do not count against the word limits.

[2] For each term in dispute, there should be a table or the like setting forth the term in dispute and the parties' competing constructions. The table does not count against the word limits.

The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

9. **Hearing on Claim Construction**. Beginning at 9:00 am on  August 30  , 2021, the Court will hear argument on claim construction. Absent prior approval of the Court (which, if it is sought, must be done so by joint letter submission no later than the date on which answering claim construction briefs are due), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three (3) hours. When the Joint Claim Construction Brief is filed, the parties shall simultaneously file a motion requesting the above-scheduled claim construction hearing, state that the briefing is complete, and state how much total time the parties are requesting that the Court should allow for the argument.

10. **Disclosure of Expert Testimony**.

    a. **Expert Reports**. For the party who has the initial burden of proof, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **December 21, 2021**. For the avoidance of doubt, expert testimony regarding objective indicia of nonobviousness shall be included in Plaintiffs' **December 21, 2021** disclosure of expert testimony. The disclosure of expert testimony to contradict or rebut evidence on the same matter identified by another party is due on or before **February 18, 2022**. Reply expert reports from the party with the initial burden of proof are due on or before **April 2, 2022**. No other expert reports will be permitted without either the consent of all parties or leave of the Court. If any party believes that an expert report does not comply with the rules relating to timely disclosure or exceeds the scope of what is permitted in that expert report, the complaining party must notify the offending party within one week of the submission of the expert report. The parties are expected to promptly try to resolve

any such disputes, and, when they cannot reasonably be resolved, use the Court's Discovery Dispute Procedure or the complaint will be waived.

Along with the submissions of the rebuttal expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Depositions of experts shall be completed by **May 13, 2022**.

11. **Objections to Expert Testimony**. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

12. **Case Dispositive Motions**. All case dispositive motions shall be served and filed on or before **June 25, 2022**. No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court. Absent an order of the Court upon a showing of good cause, each side is limited to one forty (40) page opening brief, one forty (40) page answering brief, and one twenty (20) page reply brief for all of its *Daubert* and case dispositive motions combined.

13. **Applications by Motion**. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

14. **Pretrial Conference**. On **October 14, 2022**, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at 9:00 a.m.. The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on the fourth business day before the date of the final pretrial conference. The parties will work together to create a schedule for the preparation of the sections of the proposed joint final pretrial order.

15. **Motions *in Limine***. Motions *in limine* shall be separately served, with each motion containing all the argument described below in one filing for each motion no later than **July 14, 2022**. Any supporting documents in connection with a motion *in limine* shall be filed in one filing separate from the motion *in limine*. Each party shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument. Each *in limine* request may be opposed by a maximum of three (3) pages of argument to be served no later than **August 4, 2022**. The party making the *in limine* request may serve a maximum of one (1) additional page in reply in support of its request no later than **August 18, 2022**. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court. The parties shall file all motions *in limine* and associated documents with the proposed joint final pretrial order.

16. **Jury Instructions, Voir Dire, and Special Verdict Forms**. Where a case is to be tried to a jury, pursuant to Local Rules 47.l(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 6 p.m. on the fourth business day before the date of the final pretrial conference. Areas of dispute shall be identified as narrowly as possible and in a manner that makes it readily apparent what the dispute is. The parties shall submit simultaneously with filing each of the foregoing four documents in Word format to rga_civil@ded.uscourts.gov.

17. **Trial**. This matter is scheduled for a five (5) day jury trial beginning at 9;30 a.m. on October 24, 2022, with the subsequent trial days beginning at 9:30 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 5:00 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective

cases.

      18.  **ADR Process**. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.


   /s/ Richard G. Andrews
UNITED STATES DISTRICT JUDGE

**INITIAL PATENT SCHEDULING ORDER DATES**

| ¶ | Event | Agreed Proposal |
|---|---|---|
| 1 | 26(a)(1) initial disclosures and Delaware Default Standard for Discovery Paragraph 3 | December 16, 2020 |
| 7(a) | ID of accused products and damages model | November 23, 2020 |
| 3 | Protective order and ESI order | 10 days from this order |
| 7 (b) | Defendant production of technical docs and sales figures | December 16, 2021 |
| 7 (c) | Initial claim chart | January 29, 2021 |
|  | Joinder of Parties | March 19, 2021 |
| 7 (d) | Initial invalidity contentions | February 26, 2021 |
| 12 | Exchange of claim construction terms | April 21, 2021 |
| 8 (b) | Substantial completion of document production | May 3, 2021 |
|  | Exchange of proposed constructions and intrinsic evidence | May 5, 2021 |
| 12 | Joint claim construction chart | May 12, 2021 |
| 13 | Initial claim construction briefing | May 26, 2021 |
| 13 | Responsive claim construction briefs | June 25, 2021 |
| 13 | Reply claim construction briefs | July 9, 2021 |
| 13 | Sur-reply claim construction brief | July 23, 2021 |
| 13 | File joint claim construction brief | July 30, 2021 |
|  | If Party is relying on opinion of Counsel, then Party will disclose any opinion of counsels and related documents | August 23, 2021 |
| 14 | Claim construction hearing |  |
| 16 | Final supplementation of accused products and invalidity references | no later than the service of final infringement contentions and final invalidity contentions |
| 7 (e) | Final infringement contentions | 45 days after issuance of claim construction order |

|  |  | and by no later than October 25, 2021 |
|---|---|---|
| 7 (f) | Final invalidity contentions | 90 days after issuance of claim construction order and by no later than November 19, 2021 |
| 8(a) | Fact Discovery deadline | December 10, 2021 |
| 8 (f)(i) | Initial expert reports | December 21, 2021 |
| 8 (f)(i) | Rebuttal expert reports | February 18, 2022 |
| 8 (f)(i) | Reply expert reports (from the party with the burden) | April 2, 2022 |
| 8 (f)(i) | Completion of expert depositions | May 13, 2022 |
| 17 | Case dispositive motion deadline | June 25, 2022 |
| 20 | Proposed pretrial order | Seven days before the Pretrial Conference |
|  | Pretrial conference | September __, 2022 or 12 months after issuance of claim construction order whichever is later |
| 21 | Proposed voir dire, preliminary jury instructions, final jury instructions, and special verdict forms | Three days before the Pretrial Conference |
| 22 | Trial |  |