## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SYNKLOUD TECHNOLOGIES, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 19-1360-RGA |
| v. | ) |
| | ) |
| HP INC. | ) |
| | ) |
| Defendant. | ) |
| MICROSOFT CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 20-007-RGA |
| v. | ) |
| | ) |
| SYNKLOUD TECHNOLOGIES, LLC, | ) |
| | ) |
| Defendant. | ) |

**[PROPOSED] STIPULATED ORDER CONCERNING DEFAULT STANDARD FOR DISCOVERY, INCLUDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION ("ESI")**

WHEREAS, Microsoft Corporation ("Microsoft"), HP Inc. ("HP") and SynKloud Technologies, LLC ("SynKloud"), hereafter referred to as "the Parties," believe that the Parties would benefit from certain modification to the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI") ("Default ESI Order"). The Default ESI Order shall apply in the above-captioned actions ("Actions") unless the Parties reach another agreement in writing.

The purpose of this Order is to set forth the modification to the Default ESI Order to which the Parties have currently agreed. This Order and the Default ESI Order may be further modified by written agreement of the Parties in each action.

**PRIVILEGE LOG**

1. Documents generated by HP and Microsoft after July 22, 2019—the filing date of SynKloud's Complaint in the C.A. No. 19-1360-RGA action (D.I. 1)—need not be included in HP's and Microsoft's privilege logs. Documents generated by SynKloud after March 22, 2019– the filing date of SynKloud's first action of patent litigation—need not be included in SynKloud's privilege log.

2. Where appropriate, documents may be identified on a privilege log by category rather than individually. The Parties will meet and confer regarding the format of the privilege log at least 30 days before the substantial completion of document production.

**PRODUCTION OF ACTIVITIES RELATED TO PRESERVATION OF DISCOVERABLE INFORMATION**

3. Consistent with Fed. R. Civ. P. 26(b)(3)(A) and (B), documents related to the Parties' activities in compliance with the obligation to take reasonable and proportional steps to preserve discoverable information shall not be discoverable.

**IDENTIFICATION OF CUSTODIANS AND NON-CUSTODIAL SOURCES**

4. In disclosing the custodians referenced in Paragraph 3 of the Default ESI Order, each party will identify the four (4) custodians most likely to have discoverable information in their possession, custody or control. The custodians will necessarily include all of those identified in the initial disclosures and as such the limit of four (4) would not apply if the initial disclosures disclose additional custodians. The custodians shall be identified by name, title, role in the instant dispute, and the subject matter of the information. To the extent a party believes that an opposing party has not sufficiently identified a sufficient number of custodians to address a topic or issue in these Actions, that party may request the identification of one (1) additional custodian to address that topic or issue. The identifying party shall either identify an additional

custodian or designate an identified custodian on that topic.  If after this process, a party believes that additional custodians are necessary to address the topics or issues in these Actions, the Parties agree to meet and confer and raise any disputes with the Court pursuant to section 4(f) of the Scheduling Order.

5.   In disclosing the custodians and non-custodial data sources referenced in Paragraph 3 of the Default ESI Order, to the extent a Disclosing Party reasonably believes it would be impractical or lead to confusion, the Disclosing Party is not required to list its custodians and non-custodial data sources in the order of most likely to least likely to contain discoverable information.

6.   For the avoidance of doubt, if a Party elects to use search terms to locate potentially responsive ESI, the search terms are intended to facilitate in the search of relevant, responsive, and non-objectionable documents to be produced. The Producing Party using search terms will disclose those search terms to the Receiving Party at the same time as serving the document production or prior to that time.  Documents that hit upon search terms are not automatically required to be produced merely because they hit upon search terms used by the Producing Party or requested by a Receiving Party if they are not otherwise relevant, responsive, and non-objectionable, but a Party may choose to produce all hits upon the search terms.

### **DEFENDANTS' CORE TECHNICAL PRODUCTION**

7.   The Parties agree that, to the extent Plaintiff accused Microsoft functionality of infringement, Defendants' obligations to produce the core technical production related to the accused product(s) by December 16, 2020 will be satisfied by the production of source code.

**PRODUCTION OF ELECTRONIC MAIL**

8.  The Parties agree that, general ESI production requests under Federal Rules of Civil Procedure 34 and 35, or compliance with a mandatory disclosure order of this Court, shall not include E-mail or other forms of electronic correspondence (collectively, "E-mail"). To obtain E-mail, parties must propound specific E-mail production requests. The parties agree that, as a general rule, they will not be required to search for E-mail and E-mail will not be required to be produced. However, any party may seek discovery of particular E-mail or E-mails on a particular issue if good cause exists for such production and such E-mail production requests shall not exceed the limits of this ESI order. If a party believes that good cause exists for discovery of another parties' email, the Parties agree to meet and confer regarding the procedure of that discovery and raise any disputes with the Court pursuant to section 4(f) of the Scheduling Order. The Parties further agree that to reciprocal email discovery on any issues for which email discovery is sought.

| | |
|---|---|
| */s/ Timothy Devlin* | */s/ Kelly E. Farnan* |
| Timothy Devlin (#4241) | Kelly E. Farnan (#4395) |
| Devlin Law Firm LLC | Farnan@rlf.com |
| tdevlin@devlinlawfirm.com | Travis S. Hunter (#5350) |
| 1526 Gilpin Avenue | Hunter@rlf.com |
| Wilmington, DE 19806 | Richards, Layton & Finger, P.A. |
| (302) 449-9010 | One Rodney Square |
| | 920 N. King Street |
| *Counsel for SynKloud Technologies, LLC* | Wilmington, DE 19801 |
| | (302) 651-7700 |
| | |
| | *Counsel for HP Inc. and Microsoft Corporation* |
| Dated: November 23, 2020 | |

SO ORDERED, this ___ day of _____, 2020.

                                                          United States District Judge