# EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

OMEGA PATENTS, LLC,

    Plaintiff,

 v.

FIRSTECH, LLC,

    Defendant.

C20-1344 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Defendant Firstech, LLC's motion to dismiss, docket no. 11, is STRICKEN without prejudice to refiling after the United States Supreme Court issues a decision in *Am. Axle & Mfg., Inc. v. Neapco Holdings LLC*, No. 20-891. Defendant's motion seeks dismissal as to one of four patents-in-suit, namely U.S. Patent No. 7,305,293 (the "'293 Patent"). The motion challenges patentability, relying on jurisprudence developed under 35 U.S.C. § 101. The Federal Circuit's most recent decision on § 101, *Am. Axle & Mfg., Inc. v. Neapco Holdings LLC*, 967 F.3d 1285 (Fed. Cir. 2020), is now the subject of a petition for writ of certiorari, which the dissenting member of the panel believes is likely to be granted, *see Am. Axle & Mfg., Inc. v. Neapco Holdings LLC*, 977 F.3d 1379, 1383 (Fed. Cir. 2020) (Moore, C.J., concurring in the denial of a motion to stay mandate). The petition for writ of certiorari, to which the Supreme Court has requested a response, outlines the questions presented as follows:

> 1. What is the appropriate standard for determining whether a patent claim is "directed to" a patent-ineligible concept . . . ?
>
> 2. Is patent eligibility . . . a question of law for the court based on the scope of the claims or a question of fact for the jury based on the state of art at the time of the patent?

*Am. Axle & Mfg., Inc. v. Neapco Holdings LLC*, No. 20-891, Pet. at i (Dec. 28, 2020). Given the petition's framing of the issues as to which a writ of certiorari is sought, and

MINUTE ORDER - 1

the arguments on which defendant rests in attacking, and plaintiff relies in supporting, the '293 Patent, the Court concludes that the goals of judicial economy and efficiency will be best served by deferring any ruling on patentability until the Supreme Court resolves the *American Axle* case.

      (2)    Having reviewed the parties' Joint Status Report, docket no. 18, the Court SETS a five-day jury trial for June 6, 2022.  A separate scheduling order will be entered.

      (3)    The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 10th day of February, 2021.

                                           William M. McCool  
                                           Clerk

                                           s/Gail Glass  
                                           Deputy Clerk

MINUTE ORDER - 2