

1526 Gilpin Avenue
Wilmington, Delaware 19806
United States of America
Tel: 302-449-9010
Fax: 302-353-4251
www.devlinlawfirm.com

August 31, 2021

**BY CM/ECF**
The Honorable Richard G. Andrews
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Unit 9, Room 6325
Wilmington, DE 19801

      Re:    *SynKloud Techs., LLC v. HP, Inc*. 1:19-cv-01360-RGA (Consolidated – Lead Case); *Microsoft Corp. v. SynKloud Technologies, LLC,* C.A. No. 1:20-cv-00007-RGA

Dear Judge Andrews:

      In response to the Court's Order at the Markman Hearing of August 30, 2021, SynKloud respectfully submits its proposed construction and supporting comments. SynKloud's proposed construction of the term "controlling the NAD in a way indistinguishable from the way as a physical host bust adapter device controls device" is set forth below, along with Defendants' proposal:

| SynKloud's Proposed Construction | HP and Microsoft's Proposed Construction |
|---|---|
| "controlling the NAD so that NAD functions operate in the same manner [for a user] as functions on a local device controlled by a physical host bus adapter" | "using local device commands, including those for formatting and partitioning, to control the NAD"<br><br>Otherwise the term is indefinite |

      In SynKloud's proposed construction, the phrase "for a user" is set forth in brackets. SynKloud believes those words are helpful to the construction and should be included. If the Court is inclined to omit them, however, SynKloud has no objection to the Court adopting the remainder of SynKloud's proposed construction without those three words.

      **A.**    **SynKloud's Proposal Is Well-Founded in Intrinsic Evidence and Consistent with the Plain and Ordinary Meaning**

      SynKloud's construction is drawn from the intrinsic record, and in particular how control of the NAD is described in the specification. Specifically, the NAD device operation is described with reference to its various functions. (*See, e.g.*, '225 patent at Tables 1-12; *id*. at

**DEVLIN LAW FIRM**
August 31, 2021
Page 2 of 3

20:25-26 "table 12 to show how the NAD port driver functions are implemented . . . .")  Control of the NAD is achieved through implementation of these NAD functions.  (*See, e.g.*, '225 patent at 14:1-7, "*The NAD bus driver is a set of software modules that implement a virtual host bus adapter* to which NAD ports are to be attached, where the individual NICs of a host are realized as NAD ports.  *The functions of the NAD bus driver* are basically the same as those of a conventional PCI bus driver in Windows 2000.")

The specification teaches that functions on the NAD operate in the same manner as equivalent functions on the local drive.  (*See, e.g.*, '225 patent at Tables 2-3, Fig. 6, 6:15-32.)  The patent provides a table of exemplary functions that can be utilized on the local drive and/or the NAD drive.  (*See id*. at Table 3, 5:37-38.)  SynKloud's proposed construction is consistent with each of these teachings, as well as the intrinsic record citations provided by Defendants, while avoiding the flaws in Defendants' proposal.

SynKloud proposes "for a user" as optional clarifying language to provide appropriate context for the claim term at issue, and in particular for the word "indistinguishable."  As set forth in the patent specification, the invention is directed to improving the user experience with respect to storing files remotely through a network, compared to prior art systems:

> *There are NAS (Network Attached Storage) products that can be connected to a network*, usually Ethernet, to provide a pre-configured disk capacity along with integrated system/storage management using the NFS (Network File System) protocol, the CIFS (Common Internet File System) protocol, or both on top of the IP protocol used on the Internet. *The primary purpose of these protocols is to exchange files between independently operating computers. Therefore, the client using the NAS for file access experiences the difference between its local storage and the storage in the NAS systems.*
>
> * * *
>
> Since the NAS system has a hard disk under its own operating system, the client cannot use an arbitrary file system to access the hard disk. Further, the NAS system requires an IP address. *Overall, not only the installation and administration costs per disk are more expensive than those of a local disk, but also user convenience is severely restricted.*

('225 patent at 1:30-56.)  The problems with the prior art resulted in a "need for an interface that allows a disk system to be directly attached to a network, while still being accessed like a local disk without the need of adding an additional file server or special equipment."  (*Id*. at 1:66-2:2.)

The intrinsic record thus supports the interpretation that this comparison of NAD versus local functions is based on the user's experience.  As set forth in prior briefing, SynKloud believes that focusing on the user's perspective creates no validity issue.  If the Court believes the words "for a user" are unhelpful, however, SynKloud has no objection to their omission from its proposed construction.

DEVLIN LAW FIRM
August 31, 2021
Page 3 of 3

      Notably, SynKloud's proposed construction resolves multiple problems inherent in Defendants' proposed construction, and in particular the use of "local device commands," as discussed at the *Markman* hearing.  First, as the Court noted and Defendants concede, the patent does not use the term "local device commands" at all.  Its inclusion would therefore confuse rather than clarify the intended meaning.  Second, as discussed at the Markman hearing and set forth in the record, local and remote devices cannot operate in the exact same manner using the exact same commands.  Local device commands are not given to a host bus adapter, much less a virtual host bus adapter, as recited in the claim here.  (*See* D.I. 82, Ex. C Jawadi Decl. ¶¶ 42-45.)  Finally, SynKloud's proposal avoids reading into the claims any exemplary commands from the specification.

      For these reasons, SynKloud respectfully requests that its proposed construction be adopted.

      Respectfully,

      */s/ Timothy Devlin*
      Timothy Devlin (No. 4241)

cc:  Clerk of the Court (via CM/ECF)
     Counsel of record (via CM/ECF)